UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| In Re: | ) | BK No.:   19-05128 |
| Spybar Management, LLC | ) | |
| | ) | Chapter: 11 |
| | ) | Honorable Carol A. Doyle |
| | ) | |
| | ) | |
| Debtor(s) | ) | |

**SECOND INTERIM ORDER AUTHORIZING DEBTOR'S USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION AND RELATED RELIEF**

THIS MATTER came to be heard on the Emergency Motion of Spybar Management, LLC for Interim Authorize to Use of Cash Collateral Pursuant IT IS HEREBY ORDERED:

1. Use of Cash Collateral.  The Debtor is authorized to use the Byline Bank's cash collateral in accordance with the budget attached hereto as Exhibit A (the "Budget"); provided, however, total disbursements under the Budget may not exceed 10% on a line-item cumulative basis over a 4 week term (the "Budget Variance").  The Debtor shall submit a variance report to Byline Bank within 21 days of the end of the first monthly post petition period following the filing of the voluntary petition.  The Debtor is authorized to use the Byline Bank's cash collateral to fund working capital, operating expenses, fixed charges, payroll, and all other general corporate purposes arising in the Debtor's ordinary course of business only as shown on the Budget.  Nothing in this Order prevents Byline Bank from consenting to the use of cash collateral for the payment of ordinary-course postpetition expenses of the estate.

2. Adequate Protection.  The adequate protection provided to the Byline Bank in this Order is only to the extent that the Byline Bank's asserted liens and security interests in the Debtor's pre-Petition Date property are perfected, valid, and not avoidable as of the Petition Date.  Subject to the Court so finding, the following adequate protection ("Adequate Protection") is provided to the Byline Bank as adequate protection of the Byline Bank' asserted pre-Petition Date security interests in the Debtor's pre-Petition Date collateral.
   a. From the Petition Date until such time as the Debtor no longer uses Byline Bank's Cash Collateral, the Debtor shall deliver to Byline Bank the adequate protection payments detailed in their second interim cash collateral budget.
   b. Byline Bank is hereby granted, from and after the Petition Date, replacement liens and security interests in all of the Debtor's assets, including, without limitation, all accounts, receivables, goods, contract rights and chattel paper acquired by the Debtor after the Petition Date, specifically including all cash proceeds arising from such accounts receivables, goods, contract rights and chattel paper acquired by the Debtor after the Petition Date, in the same nature, extent, priority, and validity that such liens, if any, existed on the Petition Date in the amount equal to the aggregate diminution in value of the prepetition collateral to the extent of their interests therein.
   c. Notwithstanding the foregoing, this Interim Order shall be deemed a security agreement and may be filed as a financing statement and the Debtor shall execute and deliver such notes, security agreements, assignments, financing statements and other documents that Byline Bank shall reasonably request to further evidence the liens and security interests granted hereby.
   d. Byline Bank shall have all the rights and remedies of a secured creditor in connection with the

liens and security interests granted by this Order, except to the extent that such rights and remedies may be affected by the Bankruptcy Code, or otherwise.

3. Events of Default. The following shall constitute events of default under this Interim Order ("Events of Default"):

   a. If the Debtor exceeds the Budget Variances without the prior written consent of the Lenders or further authority from the Court;

   b. If the Debtor pays obligations not shown on the Budget without the prior written consent of the Lenders or further authority from the Court;

   c. If any representation made by the Debtor after the commencement of this Chapter 11 case in any report or financial statement delivered to the Lenders proves to have been false or misleading in any material respect as of the time when made or given (including by omission of material information necessary to make such representation, warranty or statement not misleading);

   d. If a trustee or examiner, with authority to affect the operation of the Debtor's business, is appointed in the Debtor's Chapter 11 proceedings without the Lenders' consent;

   e. If this case is converted to a case under Chapter 7; or

   f. If this case is dismissed.

Failure of the Debtor to make payment(s) to Byline Bank as set forth in the Budget, and upon written notice from Byline Bank withdrawing consent to use Cash Collateral as a result, Debtor shall schedule a hearing with the Court seeking leave to continue use of cash collateral.

4. Remedies Upon Default.  Byline Bank shall be entitled to a hearing after three (3) business-days' notice (subject to the Court's availability) regarding the existence and continuation of an Event of Default.  The purpose of such expedited hearing is for the Court to decide whether or not such an Event of Default exists and constitutes "cause" within the meaning of Section 362(d)(1) of the Bankruptcy Code; provided, however, Byline Bank is required to file a motion to seek such a hearing prior to noon (CST); if such motion is filed after noon (CST), then Byline Bank shall be entitled to a hearing on four (4) business days' notice.  At such hearing, Byline Bank shall be entitled to seek any of the following relief with respect to the Debtor:

   a. the immediate termination of the Debtor's use of the requesting Byline Bank's cash collateral;

   b. the lifting of the automatic stay under 11 U.S.C. §362 permitting the requesting Byline Bank to take possession of all or any part of the requesting Byline Bank's collateral;

   c. the entry of an order prohibiting or limiting the Debtor's further use of Byline Bank's cash collateral; and

   d. such further or other relief as provided in the Bankruptcy Code, this Interim Order or applicable non-bankruptcy law.

5. Term. Unless otherwise ordered by the Court or extended by written agreement between the Debtor and Byline Bank, the Debtor's right to use the Byline Bank's cash collateral hereunder shall commence on the Petition Date and expire at the earlier of 5:00 p.m. (CST) on the last day of the time period set forth in the Budget or a final hearing on the Debtor's motion to use cash collateral. Notwithstanding such expiration or other termination, or modification hereof, Byline Bank is entitled to the liens, priorities and other rights provided herein.

6. Notice and Hearing; Reservation of Rights to Object. A final hearing (the Final Hearing") shall be scheduled for April 11, 2019 at 10:30 a.m. to consider further relief.  This Interim Order shall be binding upon, and inure to the benefit of Byline Bank, the Debtor, any official committee(s) or officer that may be appointed and their respective successors and assigns including, without limitation, any trustee appointed in this Chapter 11 case or any superseding Chapter 7 case.

7. Notices.  Except as otherwise stated herein, all notices and demands hereunder shall be in writing and shall be deemed given when addressed as follows: on the earlier of (a) when they are actually delivered to the addressees by hand delivery, facsimile transmission, e-mail or otherwise, or (b) at 11:00 a.m. Chicago time on the Banking Day next following the deposit thereof with any recognized national overnight delivery service properly addressed to the addressees.

If to Debtor:
E. Philip Groben
Gensburg Calandriello & Kanter, P.C.
200 West Adams St., Ste. 2425
Chicago, IL  60606
Fax: (312) 263-2242
E-mail: pgroben@gcklegal.com

If to Byline Bank:
Paulina Garga-Chmiel
Chuhak & Tecson, P.C.
30 S. Wacker Dr., Ste. 2600
Chicago, IL 60606
Fax: (312) 444-9027
Email: pgarga@chuhak.com

8. The findings of fact and conclusions of law of this Court pursuant to this Interim Order shall be deemed effective upon the entry of this Order.  To the extent that such findings may constitute conclusions, and vice versa, they hereby are deemed such.

9. This Interim Order is immediately valid and fully effective upon its entry by the Court.

Enter:

*[signature]*

Honorable Carol A. Doyle
United States Bankruptcy Judge

Dated:  March 15, 2019

**Prepared by:**

E. Phillip Groben (ARDC# 6299914)
Email: pgroben@gcklegal.com
Matthew T. Gensburg (ARDC# 6187247)
Email: mgensburg@ gcklegal.com
GENSBURG CALANDRIELLO & KANTER, P.C.
200 West Adams St., Ste. 2425
Chicago, Illinois 60606
Telephone: (312) 263-2200
Facsimile: (312) 263-2242