# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| Spybar Management, LLC | Case No. 19-05128 |
| Debtor. | Hon. Carol A. Doyle |

## NOTICE OF MOTION

**PLEASE TAKE NOTICE** that on April 3, 2019 at 10:30 am, or as soon thereafter as counsel may be heard, we shall appear before the Honorable Judge Carol A. Doyle, Bankruptcy Judge, in Courtroom 742, U.S. Courthouse, 219 South Dearborn Street, Chicago, Illinois, or any other Judge who may be sitting in her place and stead, and shall then and there present the **Motion Of The Debtor to Maintain Existing Bank Accounts and for Other Relief**, a copy of which is attached and hereby served upon you, at which time and place you may appear if you so see fit.

        Respectfully Submitted,

        Spybar Management LLC,
           Debtor herein.

By:  /s/ E. Philip Groben
       One of its Attorneys

E. Philip Groben (ARDC# 6299914)
Email: pgroben@gcklegal.com
Matthew T. Gensburg (ARDC# 6187247)
Email: mgensburg@gcklegal.com
GENSBURG CALANDRIELLO & KANTER, P.C.
200 West Adams St., Ste. 2425
Chicago, Illinois 60606
Phone:  312-263-2200
Fax:  312-263-2242

**CERTIFICATE OF SERVICE**

STATE OF ILLINOIS       )
                        )    SS
COUNTY OF COOK          )

E. PHILIP GROBEN, being first duly sworn on oath, deposes and stated that he served a copy of the foregoing Notice together with a copy of the Motion attached thereto on the persons named below, by either service through US Post or as otherwise indicated by CM/ECF, facsimile, or FedEx Overnight on March 28, 2019.                BY: /s/ E. Philip Groben

Patrick S. Layng – Service via CM/ECF
Paulina Garga-Chmiel – Service via CM/ECF
Miriam R. Stein – Service via CM/ECF
Robert Lynch, III – Service via CM/ECF

Gold Coast Bank
c/o Santiago Martinez as President of Commercial Banking
1165 North Clark St., Ste. 200
Chicago, IL 60610

Illinois Department of Revenue
Attn: Bankr. Section
100 West Randolph St.
Chicago, IL 60601

Internal Revenue Service
Centralized Insolvency
PO Box 7643
Philadelphia, PA 19101-7346

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| Spybar Management, LLC | Case No. 19-05128 |
| Debtor. | Hon. Carol A. Doyle |

**MOTION OF THE DEBTOR FOR ENTRY OF AN ORDER AUTHORIZING THE MAINTENANCE OF BANK ACCOUNTS AND CONTINUED USE OF EXISTING BUSINESS FORMS AND CHECKS, AND OTHER RELIEF**

Spybar Management, LLC, (the "**Debtor**"), by and through its attorneys, E. Phillip Groben, Matthew T. Gensburg, and Gensburg Calandriello & Kanter, P.C. ("**Gensburg Calandriello & Kanter**"), respectfully submit this motion (the "**Motion**") pursuant to Section 105, 245, 363, 364, and 553 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy code**"), Rules 6003 and 6004(h) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and the investment and deposit guidelines (the "**Guidelines**") promulgated by the Office of the United States Trustee, for entry of an order: (a) authorizing the maintenance of bank accounts and continued use of existing business forms and checks; (b) waiving certain of the investment and deposit Guidelines established by the United States Trustee for the Northern District of Illinois; and (c) providing any additional relief as is necessary to effectuate the foregoing.  In support of this Motion, the Debtor respectfully states as follows:

**Status of the Case**

1.     On February 27, 2019 (the "**Petition Date**"), the above named Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2. The Debtor has continued in possession of its properties and is operating and managing is business as a debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3. No request has been made for the appointment of a trustee or examiner and a creditor's committee has not yet been appointed in these cases.

### Jurisdiction, Venue, and Statutory Predicates

4. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §1408. This matter is core within the meaning of 28 U.S.C. §157(b)(2).

### The Debtor's Cash Management System

5. A description of the Debtor's businesses and the reasons for commencing these chapter 11 cases is set forth in the *Declaration of Michael Roche in Support of the Debtor's Chapter 11 Petitions and Requests for First Day Relief* [Docket No. 8], incorporated herein by reference. Prior to the Petition Date the Debtor maintained a checking account at Gold Coast Bank (the "**Gold Coast Account**"). All of the Debtor's revenues flow through the Gold Coast Account: deposits from the Debtor's credit card processor are deposited into the Gold Coast Account, revenue generated from the sale of tickets are deposited into the Gold Coast Account, and cash generated through door or goods sold is deposited on a daily basis into the Gold Coast Account. Likewise, all of the Debtor's expenses are paid from the Gold Coast Account.

6. The Debtor banks at Gold Coast Bank for three primary reasons: 1) certain of the debtor's vendors require that payments are made via cashier's checks, and Gold Coast Bank can issue such cashier's checks on an expedited basis, 2) the Debtor's operations generate a significant amount of cash and Gold Coast Bank' physical proximity to Spybar and Spybar personnel make

depositing cash easier and reduces the risk of loss, and 3) Gold Coast Bank is a community bank and Spybar has good relationships with the employees therein.

7. Unfortunately, Gold Coast Bank does not offer 'debtor in possession' accounts as one of its financial products; however, the Debtor believes that continued use of the Gold Coast Account on a post-petition basis will be in the best interests of the Debtor's operations and the bankruptcy estate. The Debtor's journey though Chapter 11 will be significantly less disruptive if it is authorized to continue to use the Gold Coast Account.

8. The Debtor further requests authority to deposit funds into, and withdraw funds from the Gold Coast Account, subject to the same access rights and limitations existing prior to the Petition Date, including, but not limited to checks, wire transfers, automated clearinghouse transfers, electronic funds transfers, and other debits and to treat the Gold Coast Account held by the Debtor for all purposes as debtor-in-possession accounts. The Debtor does not expect to hold funds within the Gold Coast Account in excess of the FDIC insurance limit of $250,000.00 during the pendency of this Chapter 11 proceeding.

**A.  United States Trustee's Operating Guideline and use of Existing Business Forms and Checks**

9. Operating Guidelines and Financial Reporting Requirements for Debtors-in Possession and Trustees (the "**U.S. Trustee Guidelines**") established by the United States Trustee's Office (the "**U.S. Trustee**") impose certain requirements on, and make recommendations to debtors-in-possession for the administration of Chapter 11 cases. These guidelines require debtors-in-possession to, among other things: (a) close all existing bank accounts and open a new debtor-in-possession account, (b) obtain checks for all debtor-in-possession accounts that have the designation "debtor-in-possession," the bankruptcy-case number, and the type of account, and (c) create a debtor-in-possession account designated solely for tax obligations. According to the U.S.

Trustee, these requirements are designed to provide, among other things, a clear demarcation between prepetition and post-petition transactions and operations, which would, in theory, prevent the inadvertent post-petition payment of a prepetition claim.

10. In the ordinary course of business, the Debtor uses pre-printed check stock with the relevant Debtor's name printed thereon. In addition, the Debtor maintains pre-printed correspondence and business forms, including, but not limited to, letterhead, envelopes, promotional materials, and other business forms (collectively, along with the Debtor's checks, the "**Business Forms**"). To minimize administrative expense and delay, the Debtor requests authority to continue to use their Business Forms substantially in the forms existing immediately prior to the Petition Date, without reference to the Debtor's "Debtor-in-Possession" status.

## Relief Requested

11. By this Motion, the Debtor respectfully requests that the Court order the following relief

   (a) The Debtor is authorized to, but not directed to (i) continue using, with the same account number, the Gold Coast Account already in use and (ii) otherwise continue operating their Cash Management System in a manner consistent with its prepetition practice among the Bank Accounts.

   (b) Gold Coast Bank is authorized, only upon the Debtor's direction, to maintain, service, and administer the Gold Coast Account in the ordinary course of business on each account.

   (c) The Debtor is authorized to, but not directed to use, in its present form, all correspondence and business forms (including, without limitation, letterhead, purchase orders, and invoices) and other documents related to the Gold Coast Account existing immediately before the Petition Date.

## Basis for Relief Requested

**A.    Use of the Gold Coast Account**

12. As part of the requested relief, the Debtor seeks a waiver of the requirement to establish specific bank accounts, including the operation of *Debtor-in-Possession Accounts* ("**DIP**

4

**Accounts**"). One provision of the Guidelines promulgated by the United States Trustee for the Northern District of Illinois requires a Chapter 11 debtor-in-possession to open new bank accounts and close all existing accounts. This requirement, designed to provide a clear line of demarcation between prepetition and post petition claims and payments, helps to protect against the inadvertent payment of prepetition claims by preventing banks from honoring checks drawn before the Petition Date. The Guidelines also require that the new bank accounts only be opened in certain financial institutions designated as authorized depositories by the United States Trustee.

13. Gold Coast Bank is not a depository authorized by the Office of the United States Trustee, and the Debtor therefore requests this Court waive the requirement that their accounts be maintained at a financial institution designated as an authorized depository. As part of the requested relief, the Debtor also seeks a waiver of the requirement to establish specific bank accounts for tax payments. The Debtor believes that tax obligations can be paid most efficiently out of the Gold Coast Accounts that the United States Trustee can adequately monitor the flow of funds into, among, and out of the Gold Coast Account, and that the creation of new debtor-in-possession accounts designated solely for tax obligations would be unnecessary and inefficient.

14. The Debtor hereby requests authority to maintain the Gold Coast Account and utilize it as described above. The Debtor believes that the grant of such relief will not prejudice any party-in-interest of the bankruptcy estates. If the relief requested herein is granted, the Debtor will not pay any debts incurred before the Petition Date unless specifically authorized by this Court.

15. Courts in this district have allowed debtors to use their prepetition business forms without the "Debtor-In-Possession" label. *See, e.g., In re Edison Mission Energy*, Case No. 12-49219 (JPC)(Bankr. N.D.Ill. May 15, 2013); *In re Bridgeview Aerosol, LLC*, Case No. 09-41021

(PSH)(Bankr. N.D.Ill. Nov. 2, 2009); *In re XMH Corp. 1 (f/k/a/ Hartmarx Corp.)*, 09-02046 (BWB)(Bankr. N.D.Ill. Jan. 26, 2009).

16. Subject to Section 553 of the Bankruptcy Code, all banks and other financial institutions, including Princeton, that maintain the Bank Accounts or assert control over the same pursuant to loan agreements, should be prohibited from offsetting, affecting, freezing, or otherwise impeding the Debtor's use of any funds deposited in the Bank Accounts on account of, or by reason of, any claim (as defined in Section 101(5) of the Bankruptcy Code) of any such bank against the Debtor that arose before the Petition Date, absent further order of the Court. Section 105(a) of the Bankruptcy Code empowers the Court to "issue any order, process, or judgment that is necessary to carry out the provisions of this title" and section 363(c)(1) of the Bankruptcy Code authorizes the debtor-in-possession to "use property of the estate in the ordinary course of business without notice or a hearing." 11 U.S.C. §§ 105(a) and 363(c)(1). The purpose of these sections is to provide a debtor-in-possession with the flexibility to engage in the ordinary transactions required to operate its business without undue oversight by creditors or the court. *See Medical Malpractice Ins. Ass'n. v. Hirsch (In re Lavigne)*, 114 F.3d 379, 384 (2d Cir. 1997).

**B. United States Trustee's Operating Guideline and use of Existing Business Forms and Checks**

17. The Debtor believes that tax obligations can be paid most efficiently out of its existing account, that the United States Trustee can adequately monitor the flow of funds into and out of the Gold Coast Account, and that the creation of a debtor-in-possession account designated solely for tax obligations would be unnecessary and inefficient.

18. The Debtor requests that this Court authorize them to use all correspondence and Business Forms existing immediately before the Petition Date without reference to the Debtor's status as "debtor-in-possession." There is little doubt that the parties with whom the Debtor does

business will shortly become aware, if they are not already aware, that Spybar is a Chapter 11 debtor-in-possession.

### Notice

19. Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known: (a) the Office of the United States Trustee of the Northern District of Illinois; (b) counsel to the Debtor's prepetition lenders; (c) those parties requesting notice pursuant to Rule 2002; (d) the Illinois Attorney General, (e) the Internal Revenue Service, (f) the Illinois Department of Revenue, and (g) Gold Coast Bank. The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given. The Debtor also asks this Court to shorten notice of the Motion to six days. The Debtor believes no parties in interest will be prejudiced by a grant of such relief.

### No Prior Request

20. No prior request for the relief sought in this Motion has been made to this or any other court.

### Conclusion

WHEREFORE, the Debtor respectfully requests that this Court enter an order granting the relief requested herein and that it grant the Debtor such other and further relief as is just and proper.

Respectfully Submitted,

Spybar Management LLC,
    Debtor herein.

By:  /s/ E. Philip Groben
      One of its Attorneys

E. Philip Groben (ARDC# 6299914)
Email: pgroben@gcklegal.com
Matthew T. Gensburg (ARDC# 6187247)
Email: mgensburg@gcklegal.com
GENSBURG CALANDRIELLO & KANTER, P.C.

200 West Adams St., Ste. 2425
Chicago, Illinois 60606
Phone: 312-263-2200
Fax: 312-263-2242

8