## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| Spybar Management, LLC | Case No. 19-05128 |
| Debtor. | Hon. Carol A. Doyle |

### NOTICE OF MOTION

**PLEASE TAKE NOTICE** that on April 1, 2021 at 10:30am, or as soon thereafter as counsel may be heard, we shall appear before the Honorable Judge Carol A. Doyle, Bankruptcy Judge, or any other Judge who may be sitting in her place and stead, and shall then and there present the Debtor's Motion to Modify Plan, a copy of which is attached.

**This motion will be presented and heard electronically using Zoom for Government.** No personal appearance in court is necessary or permitted. To appear and be heard on the motion, you must do the following:

**To appear by video**, use this link: https://www.zoomgov.com/. Then enter the meeting ID and password.

**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and password.

**Meeting ID and password.** The meeting ID for this hearing is 161 155 8289 and the password is Doyle742. The meeting ID and password can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

                                                Respectfully Submitted,

                                                Spybar Management LLC,
                                                    Debtor herein.

                             By:    /s/ E. Philip Groben
                                       One of its Attorneys

E. Philip Groben (ARDC# 6299914)
Email: pgroben@gcklegal.com
GENSBURG CALANDRIELLO & KANTER, P.C.
200 West Adams St., Ste. 2425
Chicago, Illinois 60606
Phone:  312-263-2200
Fax:  312-263-2242

**CERTIFICATE OF SERVICE**

STATE OF ILLINOIS    )
                     )    SS
COUNTY OF COOK       )

     E. PHILIP GROBEN, being first duly sworn on oath, deposes and stated that he served a copy of the foregoing Notice together with a copy of the Motion attached thereto on all persons entitled to receive electronic notice, including the persons named below, by either service through CM/ECF  or as otherwise indicated, on March 23, 2021.

BY: /s/ E. Philip Groben

Patrick S. Layng – Service via CM/ECF
Paulina Garga-Chmiel – Service via CM/ECF
Robert Lynch, III – Service via CM/ECF
David DeCelles – Service via CM/ECF

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| Spybar Management, LLC | Case No. 19-05128 |
| Debtor. | Hon. Carol A. Doyle |

### DEBTOR'S FOURTH MOTION TO MODIFY CONFIRMED PLAN AND TO SHORTEN NOTICE

Spybar Management, LLC, the above-captioned debtor and debtor-in-possession ("**Debtor**"), by and through its counsel, E. Philip Groben and Matthew T. Gensburg, hereby moves this Court (the "**Motion**") pursuant to sections 1127(b) and 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**") for entry of an order authorizing the Debtor to modify its confirmed plan or reorganization and to shorten notice. In support of the Motion, the Debtor respectfully represents as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory basis for the relief requested in the Motion are sections 1127(b) and 105(a) of the Bankruptcy Code.

4. No request has been made for the appointment of a trustee or examiner and a creditors' committee has not been appointed in these cases.

### Relevant Procedural Background

5.  An Order confirming the Debtor's Second Amended Plan of Reorganization ("**Plan**") and approving the Debtor's Second Amended Disclosure Statement was entered December 17, 2019.

6.  The Plan divides claims of the bankruptcy estate as follows:

| Class | Claim(s) Included in Class | Proposed Treatment of Class by Plan |
|---|---|---|
| I | Secured Claim held by Byline Bank | Payment in full from operation of business during repayment months 1 through 60. |
| II | Allowed Unsecured Claims entitled to Priority | Payment in full from operation of business during months 1-60 |
| III | Allowed General Unsecured Claims | Payment in full from operation of business during months 13 60. |
| IV | Unsecured Claims of $1,500 or less | Payment in full from operation of business during months 1-3 |
| V | Allowed Unsecured Claims held by Insiders | Subordinated Promissory Notes payable only after completion of all other Plan payments. |
| VI | Equity Interests | No cash distribution pursuant to the Plan. |

7.  In March 2020 The Debtor was forced to close pursuant to the shutdown orders promulgated by the State of Illinois and the City of Chicago in response to the escalating COVID-19 pandemic ("**Closure Orders**"). Unable to generate income from operations, the Debtor filed the first of three motions to modify plan. *See* Docket Nos. 123, 139, and 150. Each motion to modify plan deferred payments due under the Plan and to the Illinois Department of Revenue via a plan of repayment with Debtor affiliate Skyline Management, LLC (the "**Skyline Installment Payment Plan**"). Payments due under the Plan and the Skyline Installment Payment Plan are currently deferred through April 2021. *See* Docket No. 154.

### Relief Requested

8.  The Debtor cannot operate during the COVID-19 pandemic until so authorized by

the State of Illinois and the City of Chicago. Distributions under the Debtor's confirmed Plan of Reorganization are funded through operations, and until the Debtor is able to operate in a manner similar to pre-COVID it will be unable to make the distributions called for in its Plan of Reorganization. The Debtor therefore requests this Court enter an order modifying the terms of the confirmed plan to suspend all payments due under the Plan so as to accommodate this period of no operations and extraordinary circumstances. Specifically, the Debtor proposes to defer all payments due to Class I, II, III, and IV creditors through July 2021, and to extend the plan term accordingly. The Debtor has reached an agreement with the Illinois Department of Revenue whereby payments due under the Skyline Payment Plan will also be deferred to July 2021.

9. Should the COVID-19 pandemic continue to materially affect the Debtor's operations in the third quarter of 2021 then additional deferments of Plan payments may become warranted or necessary.

10. In the order granting Debtor's Third Motion to Amend Plan, the Court limited notice of future requests for deferments to those parties which have formally appeared in these proceedings. (Doc No. 154.) Should additional requests be necessary then the Debtor requests that notice of future motions seeking deferment of obligations under the Plan and to the Illinois Department of Revenue caused by the economic harm related to the COVID-19 pandemic to be limited to those parties in interest who have formally appeared in the proceeding or requested notice.

**Basis for Relief Requested**

11. Section 1127(b) of the Bankruptcy Code allows for the proponent of a plan to modify a confirmed plan at any time, prior to substantial consummation of such plan, so long as

the plan as modified meets the requirements of section 1122 and 1123 of the Bankruptcy Code. The plan, as modified under Section 1127, becomes the plan if the circumstances warrant modification and the court, after notice and a hearing, confirms such plan as modified under Section 1129. Federal Rule of Bankruptcy Procedures ("**Bankruptcy Rule**") 3019, titled *Modification of Accepted Plan in a Chapter 9 Municipality or a Chapter 11 Reorganization Case* provides instructions under subsection (a) for circumstances in which a plan has been accepted, but not yet confirmed, and in subsection (b) for modification of a plan after confirmation in an individual debtor case. The Plan has already been confirmed and the Debtor herein is a limited liability company, therefore Bankruptcy Rule 3019 does not appear to govern modification of the plan.

12.    Courts are generally reluctant to modify a chapter 11 plan once the plan has been implemented and look for "compelling reasons" to support a modification. *See, In re UNR Industries, Inc*, 20 F.3d 766, 769 (7th Cir. 1994) (citing to *In re Chateaugay Corp.*, 10 F.3d 944, 952–54 (2d Cir.1993); *In re Specialty Equipment Cos.*, 3 F.3d 1043, 1047–49 (7th Cir.1993); *In re Andreuccetti*, 975 F.2d 413, 418 (7th Cir.1992); *In re Roberts Farms, Inc.*, 652 F.2d 793, 797 (9th Cir.1981); *Miami Center Limited Partnership v. Bank of New York*, 838 F.2d 1547, 1554–55 (11th Cir.1988); *In re AOV Industries, Inc.*, 792 F.2d 1140, 1147–50 (D.C.Cir.1986)). A significant consideration set forth by *UNR Industries* for limiting modification of confirmed plan is to preserve interests 'bought and paid for in reliance on judicial decisions, and avoiding the pains that attend any effort to unscramble an egg". *UNR Industries*, 20 F.2d *at* 769. However, as noted by Collier on Bankruptcy, "if unforeseen circumstances render the confirmed plan unworkable, modification may be warranted." 7 COLLIER ON BANKRUPTCY ¶1127.03[4]. See also, *In re Gene*

4

*Dunavant & Son Dairy,* 75 B.R. 328 (M.D.Tenn.1987) (finding that modification was permissible because, through no fault of the debtor's circumstances since the plan was originally formulated had changed.)  Moreover, Section 105(a) gives this Court the authority to issue any order that is necessary or appropriate to carry out the provisions of title 11.  *See United States v. Energy Resources Co.*, 495 U.S. 545 (1990) (holding that the statutory directive of section 105(a) is consistent with the traditional understanding that the bankruptcy courts have broad authority to modify the creditor-debtor relationship).

13.    The circumstances of this case support modification.  The modification proposed by the Debtor herein, deferring plan payments, is not an effort to "unscramble eggs" warned about in *UNR Industries.*  The three-month deferment is not material, will not impact the return creditors should expect from the Plan and, therefore, has only a de minimis effect on distribution to members.  Furthermore, the COVID-19 pandemic discussed above and in prior motions to modify plan, is unprecedented and unforeseeable when the Plan was confirmed.   The economic fallout the pandemic and Closure Orders clearly qualifies as a compelling reason to support a modification of the Plan.

14.    Section 1127(c) states that "[t]he proponent of a modification shall comply with section 1125 of this title with respect to the plan as modified."  Section 1125, in turn, mandates particular postpetition disclosure and solicitation requirements by the plan proponent.  The House Report on section 1127(c) notes that if plan modifications are minor, "the court might determine that additional disclosure was not required under the circumstances." H. Rep. No. 95-595, 95th Cong., 1st Sess, 411 (1977).  *See In re Young Broad., Inc.*, 430 B.R. 99, 120 (Bankr.S.D.N.Y.2010). "A modification which is not 'material' is by definition one which will not

5

affect an investor's voting decision. Additional disclosure would serve no purpose and would therefore not be required." *In re Am. Solar King Corp.*, 90 B.R. 808, 824 n. 28 (Bankr.W.D.Tex.1988).

15. The Debtor respectfully submits that additional disclosure and resolicitation is not necessary. The proposed modification does not adversely affect the distributions to any creditor and involves deferred payments over a short period, where the deferment has been caused by unprecedented and unforeseeable circumstances arising from COVID-19 and the Closure Orders. These events are, obviously, not the fault of the Debtor. Further, as noted in the Debtor's liquidation analysis which accompanied the Plan, the Debtor has no significant tangible assets other than the bar itself and the Plan will yield the greatest possible recovery for creditors, both secured and unsecured, only if the Debtor maintains its operational integrity. Creditors would presumably want to avoid the cost and expense of a new disclosure and solicitation process (which they indirectly pay for) and would want to ensure the Debtor's viability in order to maximize their recovery.

### Notice

16. The Debtor requests this Court shorten notice of this Motion to 9 days and believes no parties in interest will be prejudiced by the grant of such relief.

17. Notice of this Motion has been provided to those parties which have filed appearances or otherwise requested notice. The Debtor requests that notice of future requests to defer obligations under the Plan due to the COVID-19 pandemic be limited to those parties which have filed appearances or otherwise requested notice herein.

WHEREFORE, the Debtor respectfully requests that this Court enter an order modifying

the Debtor's obligations under the Plan as set forth above, shortening notice to 9 days, limit notice of future requests to defer plan payments, and granting the Debtor such other and further relief as is just and proper.

                Respectfully Submitted,

                Spybar Management LLC,
                Debtor herein.

By:   /s/ E. Philip Groben
       One of its Attorneys

E. Philip Groben (ARDC# 6299914)
Email: pgroben@gcklegal.com
Matthew T. Gensburg (ARDC# 6187247)
Email: mgensburg@gcklegal.com
GENSBURG CALANDRIELLO & KANTER, P.C.
200 West Adams St., Ste. 2425
Chicago, Illinois 60606
Phone: 312-263-2200
Fax: 312-263-2242